IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY PROPERTY PARTNERS LLC<br>D/B/A "HOUSE DUDES",<br><br>Defendant. | Case No. 3:24-cr-117<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Mac Schneider, United States Attorney for the District of North Dakota, and Jonathan J. O'Konek, Assistant United States Attorney; Defendant, VALLEY PROPERTY PARTNERS LLC D/B/A "HOUSE DUDES"; and Defendant's counsel, Brian P. Toay, agree to the following:

1.  Defendant acknowledges the Information charges violations of Title 15, United States Code, Sections 2615(b)(1) and 2689; Title 40, Code of Federal Regulations, Sections 745.107(a), 745.110, and 745.113; and Title 18, United States Code, Section 2.

2.  Defendant has read the Charges and Defendant's attorney has fully explained the Charges to Defendant.

3.  Defendant fully understands the nature and elements of the charged crimes.

4.  (a) Defendant will voluntarily plead guilty to Count One of the Information. **(Toxic Substances Control Act – Failure to Provide Lead-Based Paint Disclosure – Class A Misdemeanor).**

(b) <u>Since the Sole Count of the Information is a Class A Misdemeanor, Defendant agrees to file a written consent to have a change of plea hearing and a sentencing hearing before a United States Magistrate Judge.</u>

5. The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then Defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give Defendant a right to withdraw Defendant's guilty plea.

6. Defendant will plead guilty because Defendant is in fact guilty of the Charge. In pleading guilty to Count One, Defendant acknowledges that:

> On or about October 16, 2019, in the District of North Dakota, in Traill County, North Dakota, VALLEY PROPERTY PARTNERS LLC D/B/A "HOUSE DUDES," individually, and by aiding and abetting, did knowingly fail to provide the purchaser of the home at 124 Second Street NE, Hillsboro, North Dakota, with information on lead-based paint hazards that the seller is required to provide the purchaser, as required under the Real Estate Notification and Disclosure Rule, 40 C.F.R. § 745.107(a);
>
> In violation of Title 15, United States Code, Sections 2615(b)(1), 2689; Title 40, Code of Federal Regulations, Section 745.107(a); and Title 18, United States Code, Section 2.
>
> <u>Additional Facts</u>:
>
> On or about April 30, 2022, medical personnel diagnosed two young children, aged between one and two years' old, who were living at the residence located at 124 Second Street NE, Hillsboro, North Dakota, with elevated blood lead levels.

In June 2022, the North Dakota Department of Environmental Quality conducted an examination of the home located at 124 Second Street NE, Hillsboro, North Dakota, and concluded that the home had positive results for lead-based paint, including in areas of the children's playroom.

7. Defendant understands the following maximum penalties apply:

### Count One

**Toxic Substances Control Act – Failure to Provide Lead-Based Paint Disclosure – Class A Misdemeanor**

| | |
|---|---|
| Imprisonment: | 1 year (likely inapplicable for an organization) |
| Fine: | $50,000 |
| Restitution: | $50,000 (See 18 U.S.C. § 3663(c)(2)(B) ("In no case shall the amount of restitution ordered under this subsection exceed the amount of the fine which may be ordered for the offense charged in this case.") |
| Supervised Release: | 1 year |
| Probation: | 5 years (See 18 U.S.C. § 3561) |
| Special Assessment: | $125 (See 18 U.S.C. § 3013 for an organization) |

Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

8. Defendant understands that by pleading guilty Defendant surrenders rights, including:

   (a) The right to a speedy public jury trial and related rights as follow:

   (i) A jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree

unanimously before it could return a verdict. The jury would be instructed that Defendant is presumed innocent and that it could not return a guilty verdict unless it found Defendant guilty beyond a reasonable doubt.

(ii) If a trial were held without a jury, then the Judge would find the facts and determine whether Defendant was guilty beyond a reasonable doubt.

(iii) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(iv) At trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt can be drawn from Defendant's refusal to testify. Defendant can choose to testify but cannot be required to testify.

(b) Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant questions about Defendant's criminal conduct to ensure that there is a factual basis for Defendant's plea.

9. Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of Defendant's waiver.

10. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a) and must consult and consider the United States' Sentencing Commission, Guidelines Manual, (Nov. 2023) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12. Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

13. **The parties agree that the defendant's conduct is governed by USSG § 8A1.1**, which states that "[t]his chapter applies to the sentencing of all organizations for felony and Class A misdemeanor offenses."

14. The parties agree that the following **USSG Chapter 8 provisions** are applicable in this case:

5

- **Remedying Harm from Criminal Conduct** – Sentencing requirements and options relating to restitution, remedial orders, community service, and notice to victims. (USSG § 8A1.2(a)). The parties further agree:

    (1) Pursuant to USSG § 8B1.1, that the defendant shall make restitution as ordered by the Court.

    (2) Pursuant to USSG § 8B1.2, that the defendant, as a condition of probation, may order the defendant to eliminate or reduce the risk that the instant offense will cause on future harm.

    (3) Pursuant to USSG § 8B1.3, that the defendant agrees to perform a period of community services, as ordered by the court.

- **Fines** – Sentencing requirements and options relating to fines. (USSG § 8A1.2(b)).

    (1) Pursuant to USSG § 8C2.1, the parties agree, if the defendant were an individual, the provisions of USSG § 2Q1.2(a)) would apply as the offense of conviction is an "Offense Involving the Environment." Therefore, as noted in the commentary of USSG § 8C2.1, "the provisions of §§ 8C2.2 through 8C2.9 do not apply to counts for which the applicable guideline offense level is determined under Chapter Two Part Q (Offenses Involving the Environment). For such cases, §8C2.10 (Determining the Fine for Other Counts) is applicable."

(2) Pursuant to USSG § 8C2.10, the parties agree, "the court should determine an appropriate fine by applying the provisions of 18 U.S.C. §§ 3553 and 3572."

- **Organizational Probation** – Sentencing requirements and options relating to probation. (USSG § 8A1.2(c)).

    (1) Pursuant to USSG § 8D1.1, the parties agree that the Court shall order a term of probation if necessary to "secure payment of restitution," "enforce a remedial order," or "ensure completion of community service."

- **Special Assessments, Forfeitures, and Costs** – Sentencing requirements relating to special assessments, forfeitures, and costs. (USSG § 8A1.2(d)).

    (1) Pursuant to USSG § 8E1.1, the parties agree that the Court shall order a special assessment of $125.00

15. Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

16. **At sentencing, the parties will jointly agree to:**

    (a)    Recommend a sentence of one year of probation.

(b) Recommend, as a condition of probation to further remedial action, that Defendant, include a notice on its website about:

(i) the harmful effects of lead paint exposure; and

(ii) its required obligations to home buyers pertaining to lead paint disclosures.

(c) Recommend, as a condition of probation to eliminate future harm, that Defendant perform 50 hours of community service to local North Dakota communities.

(d) Recommend that Defendant be ordered to pay a combination of restitution and a fine that **does not exceed $15,000.00**, as noted in paragraphs (i-v) below.

(i) The parties agree that restitution in the amount of **$4,274.78** is owed to the North Dakota Department of Human Services, Medical Services Division, for Medicaid costs covering medical expenses for Minor Victims 1 and 2 (in the amounts of $4,188.06 for Minor Victim 1 and $86.72 for Minor Victim 2, (See Bates Numbers 450 and 451)).

(ii) Pursuant to 18 U.S.C. § 3663, the defendant agrees and consents to pay a restitution amount up to, but not exceeding, **$15,000.00**, which is related to the payment of past medical expenses, future medical requests, future special education expenses, housing costs, movement expenses, and/or lost wages of the victims in this case, so long as the United States provides documentation of these costs to the defendant and

8

the court 14 days prior to Defendant's sentencing hearing. See United States v. Serrata, 679 Fed. Appx. 337, 340 (5th Cir. 2017) (holding that "the district court did not plainly err in ordering Serrata to pay restitution to K.G. for future psychiatric or psychological treatment."); United States v. Oslund, 453 F.3d 1048, 1063 (8th Cir. 2006) (explaining that "it was not improper for lost future income to be included in the restitution order.").

(iii) The defendant is free to object to any restitution amount that exceeds $15,000.00.

(iv) Pursuant to 18 U.S.C. § 3663(a)(1)(B)(i-ii), due to: 1) the defendant's financial needs; 2) "the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution" based upon the facts of this case; and 3) other appropriate factors, the United States will request that the Court deem $15,000.00 the maximum restitution amount applicable in this case. Additionally, the United States acknowledges, for any restitution request submitted over $15,000.00, "[t]he government bears the burden of proving the amount of restitution based on a preponderance of the evidence." United States v. Alexander, 679 F.3d 721, 731 (8th Cir. 2012).

(v) Recommend that Defendant be ordered to pay a fine in the amount of **$15,000.00**. In order to prioritize the payment of restitution over the payment of a fine, the United States and Defendant agree to recommend a reduction of this fine by any restitution judgement ordered by the Court

(for example, if the Court were to order restitution in the amount of $10,000.00, the United States and Defendant would recommend a fine in the amount of $5,000.00, so the maximum total fine and restitution amount do not exceed $15,000.00). Additionally, pursuant to 18 U.S.C. § 3572(a), the United States will request that the Court determine that the appropriate combined maximum fine and restitution order applicable in this case is $15,000.00 based upon Defendant's income, earning capacity, financial resources, and the burden that the fine will impose on the defendant, as well as any person who is financially dependent on Defendant. <u>Finally, pursuant to 18 U.S.C. § 3572(d), the United States will request that the Court order that Defendant make fine payments in equal monthly installments—rather than due immediately in a single lump sum payment—over the period of Defendant's one year term of probation</u>. For example, if the Court orders Defendant to pay a $10,000.00 fine amount, the United States would request that the Court order Defendant to pay $833.33 per month over the course of the twelve month probation period.

    (e)    Move to dismiss the remaining counts of the Information against Defendant VALLEY PROPERTY PARTNERS LLC; and

    (g)    **Move to dismiss all counts of the Information against codefendant JACK D. HOSS**. The United States will make an oral motion to dismiss JACK D. HOSS's charges after the Court has officially accepted Defendant VALLEY PROPERTY PARTNERS LLC's plea of guilty to Count One of the Information.

17. Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statement(s), or false declaration(s), if Defendant commits such acts in connection with this agreement or otherwise.

18. Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order Defendant to make restitution for all loss caused by Defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

19.    The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

20.    **Defendant's Waiver of Appeal**. Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). <u>Defendant only reserves the right to appeal a sentence that contains a combination of a fine and restitution amount exceeding $15,000.00 and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.</u>

21. By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

22. Defendant understands that by pleading guilty he will be convicted, and that any individual convicted who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has explained this consequence of his guilty plea.

23. The Assistant United States Attorney and attorney for Defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

24. Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and Defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed Defendant's constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

MAC SCHNEIDER
United States Attorney

Dated: 8/30/24

By: JONATHAN J. O'KONEK
Assistant United States Attorney

Dated: 8/29/2024

*Josh Koth*     *Jack Hoss*

VALLEY PROPERTY PARTNERS LLC
D/B/A "HOUSE DUDES"
Defendant

Dated: 8/29/24

BRIAN P. TOAY
Attorney for Defendant